IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEIL IRBY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: |
| | § | 20-cv-337 |
| v. | § | |
| | § | |
| EVONIK CORPORATION, | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

**COMPLAINT**

**I.    INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA"); and violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq.  The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.    JURISDICTION AND VENUE**

2. Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3. The unlawful employment practices alleged hereinbelow were committed by the defendant within Mobile County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4. Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under the ADA. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission on August 12, 2019, and within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

### III.   PARTIES

5. Plaintiff, Neil Irby (hereinafter "Plaintiff" or "Irby"), is a male citizen of the United States and a resident of the State of Alabama.

6. Plaintiff was an eligible employee under the FMLA in that he worked for the Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

7. Plaintiff is also a qualified individual under the Americans with Disabilities Act in that he suffers from the a medical/mental condition which substantially limits one or more of her major life activities, and/or is perceived as having a disability which substantially limits his major life activities, and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8. Defendant, Evonik Corporation, (hereinafter "Evonik" or "Defendant"), is a corporation doing business in Mobile County, Alabama, where at all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

9. The Defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C.

§2611(4). At all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

10. The Defendants employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year.

## IV.    FACTUAL ALLEGATIONS

11. Plaintiff began working for Evonik at their Theodore, Alabama, site on or about March 17, 2017.

12. Plaintiff was unlawfully terminated on March 1, 2019.

13. At the time of events giving rise to the present suit, Plaintiff was employed full time as a Chemical Technician ("Operator").

14. At the time of Plaintiff's termination his supervisors were Mike Meadows (Energy Operations Supervisor), Bobbie Grace (Utilities Supervisor), and Gary Atkins (Utilities Manager).

15. During his employment with Evonik, Plaintiff was a person with a disability, and/or perceived as having a disability, and/or having a record of a disability as he suffers from the medical conditions of diabetes, hypertension, and a hereditary heart condition/cardiovascular disease and had received medical treatment for same.

16. However, with or without reasonable accommodations Plaintiff was able to perform and did perform his job duties.

17. Plaintiff's supervision was aware of his disabilities/medical conditions.

18. In January 2018, Plaintiff suffered a heart attack while at work and was then out on Family Medical Leave/Short Term Disability for approximately three (3) months, returning to work on or about March 26, 2018, with no restrictions.

19. After returning from this FMLA leave and Disability leave the Plaintiff's management began treating him differently at work and subjected him to unwarranted discipline and to stricter scrutiny than his co-workers.

20. Plaintiff was also harassed and singled out about his medical conditions at work; being subjected to comments about his eating, having sweets, and his weight.

21. On or about February 21, 2019, the Plaintiff applied for intermittent Family Medical Leave in relation to his heart issues and diabetes. This application was made with Careworks (n/k/a York), a third party vendor who administered FMLA benefits on behalf of the Defendant.

22. On February 26, 2019, Careworks approved the Plaintiff's FMLA request for intermittent leave from January 1, 2019, through July 31, 2019. At this time the Plaintiff's supervision was also made aware of Carework's approval of his intermittent FMLA leave.

23. On the same date of the Plaintiff's intermittent FMLA approval, he was working a night shift from 4:00 p.m. to 4:00 a.m. with Crew 3 over that Tuesday (2/26/19) and Wednesday (2/27/19). This Crew included Tray Laubenthal (Manager Trainee), Doug McLaughlin (Board Operator), Ray Dumas (Bio Operator), and Plaintiff (Outside Operator).

24. That evening the Plaintiff's wife had called in and told him that she was very ill with the flu. Later in that shift the Plaintiff tried to call and check on his wife and could not reach her. Plaintiff became worried as they live in a very rural area.

25. Plaintiff informed his Crew's Manager Trainee and Board Operator about the situation and asked if he could leave early to go home and check on his wife. They made sure that someone could fill in for the Plaintiff's position (the Manager Trainee, Tray Laubenthal was a previous Board Operator) and the Crew agreed it was fine for Plaintiff to leave early.

26. If an employee needed to call in or report an absence, it was reported to the Board Operator on shift. So, with the approval of his Board Operator, his Manager Trainee, and his Crew the Plaintiff left his shift around 11:00 p.m. to check on his ill wife.

27. Thereafter on March 1, 2019, Plaintiff was running samples at work when Mike Meadows approached him and took the Plaintiff to meet with Gary Atkins and Christi Bryan (Human Resources) in a conference room.

28. In this meeting Atkins told the Plaintiff that he was being terminated for not properly calling in for leaving the February 26, 2019, shift early.

29. Plaintiff replied that he had approval from the Board Operator to leave as that is who employees are supposed to alert to any absences.

30. Despite having had approval to leave his shift early, the Plaintiff was terminated effective immediately on March 1, 2019–only three (3) days after his intermittent FMLA leave was approved in relation to his disabilities/medical conditions.

31. Plaintiff has been discriminated against on the basis of his disability, a perception of a disability, and/or history of a disability by being subjected to unwarranted termination. This conduct was willful, malicious, and in wanton disregard of his federally protected rights.

32. Plaintiff has also been unlawfully retaliated against in relation to his federally protected rights under the FMLA by the Defendant's unlawful termination of his employment.

33. The Defendant also interfered with the Plaintiff's federally protected rights under the FMLA by the Defendant's unlawful termination of his employment

34. The defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the defendant have any reasonable grounds for believing that such acts

were not a violation of the Plaintiff's federally protected rights under the FMLA.

35. The Defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

36. As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

38. Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### **V.** **CAUSES OF ACTION**

#### **COUNT I –DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 above with the same force and effect as if fully set out in specific detail hereinbelow.

40. Plaintiff is a qualified individual under the ADA because of his known disability, and/or perceived disability, and/or history of a being a person with a disability.

41. The Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

42. Despite the Plaintiff's disability, with or without reasonable accommodations, the Plaintiff was qualified for and able to perform the essential functions of his job with the Defendant.

43. Plaintiff was subjected to unlawful discrimination by the Defendant based on his disability and/or perceived disability and/or history of a disability including, by being subjected to unwarranted discipline and by being terminated.

44. At the time of this unlawful activity the defendant perceived the Plaintiff as having a disability, and/or had knowledge that the Plaintiff suffered from an actual disability and/or had a history of a disability.

45. Defendant, by its discriminatory treatment of the Plaintiff has intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of his federally protected rights, as described herein. This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

46. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II – INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 above with the same force and effect as if fully set out in specific detail hereinbelow.

48. As set forth herein, Plaintiff was an eligible employee under the FMLA in that he worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

49. As a result of his serious medical conditions, as set out above, the Plaintiff was eligible for federally protected medical leave from the Defendant.

50. As a result of the Plaintiff's serious medical condition, as set out above, Plaintiff made known to the Defendant his need to take medical leave and was approved for intermittent medical leave by a third party benefit administrator.

51. The Defendant thereafter interfered with the Plaintiff's substantive rights under the Act by terminating his employment.

52. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of his employment in violation of the FMLA.

53. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

54. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

55. The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

### COUNT III – RETALIATION IN VIOLATION OF
### THE FAMILY MEDICAL LEAVE ACT OF 1993

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 above with the same force and effect as if fully set out in specific detail hereinbelow.

57. As set forth herein, Plaintiff was an eligible employee under the FMLA in that he worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

58. As a result of his serious medical conditions, as set out above, the Plaintiff was eligible for federally protected medical leave from the Defendant.

59. As a result of the Plaintiff's serious medical condition, as set out above, Plaintiff made known to the Defendant his need to take medical leave and was approved for intermittent medical leave by a third party benefit administrator.

60. The Defendant retaliated against the Plaintiff for his protected activities under the FMLA by terminating his employment.

61. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of his employment in violation of the FMLA.

62. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

63. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendants have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

64. The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by the

Americans with Disabilities Act, and as secured by the Family and Medical Leave Act of 1993;

    2.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act, and the Family and Medical Leave Act of 1993;

    3.    Grant the Plaintiff an order requiring the Defendants to make him whole by awarding him reinstatement into the full-time position(s) he would have occupied in the absence of the unlawful acts by the Defendant with the same seniority, leave and other benefits of the position (or front pay), and back pay (with interest);

    4.    Grant Plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendant to reinstate all of Plaintiff's employment benefits, including but not limited to his health insurance and retirement benefits, retroactive to the date of their cessation;

    5.    Grant plaintiff a declaratory judgment against the Defendant that his termination violated the FMLA and ADA;

    6.    Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the Defendant and in favor of the Plaintiff for the monetary losses Plaintiff sustained as a direct result of the defendant's termination of Plaintiff in violation of the FMLA;

    7.    Grant Plaintiff applicable compensatory damages, punitive damages (ADA), liquidated damages (FMLA), and/or nominal damages, plus interest;

    8.    Grant Plaintiff his attorney's fees and costs; and

    9.    Grant Plaintiff such other relief as justice requires.

                Respectfully submitted,

                s/ Temple D. Trueblood
                Temple D. Trueblood (TRUET0355)
                Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500

CO-COUNSEL:
EDWARD L.D. SMITH
Post Office Box 1643
Mobile, Alabama 36633-1643
(251) 432-0447


**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                s/ Temple D. Trueblood
                OF COUNSEL


**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following : Summons, Complaint.**

**Defendant's Addresses:**
Evonik Corporation
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

                s/ Temple D. Trueblood
                OF COUNSEL